**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| J.C.R.D. and Y.L.H.A.,<br><br>Plaintiffs,<br><br>v.<br><br>HABERSHAM COUNTY, GEORGIA, et al.,<br>Defendants. | Civil Action No. _______<br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER** |

**PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs J.C.R.D. and Y.L.H.A., pursuant to Federal Rule of Civil Procedure 65, move for temporary and preliminary injunctive relief to prevent recurrence of the challenged traffic-stop detention practice, preserve relevant evidence, and permit narrowly tailored expedited discovery. Plaintiffs rely on the accompanying Memorandum of Law, declarations, exhibits, Complaint, and proposed order.

The narrow issue is whether Defendants prolonged a traffic stop to facilitate civil immigration investigation and transfer without independent lawful grounds. Plaintiffs seek relief directed only to unconstitutional prolongation, evidence

preservation, and discovery necessary to identify participants and determine the scope of the challenged practices.

## I. RELIEF REQUESTED

Plaintiffs request an order, pending a preliminary-injunction hearing, that:

1. enjoins Sheriff Robin Krockum, in his official capacity and to the extent he possesses legal authority over the challenged traffic-stop function, Sergeant Adam Ivester, and the persons described in Rule 65(d)(2) who receive actual notice from extending a traffic stop beyond the time reasonably required to complete its traffic mission for the purpose of obtaining civil immigration screening, civil immigration-status or removability checks, a civil immigration custody decision, the arrival of federal civil immigration personnel, or transfer to civil immigration custody, when that activity adds time to the stop and no independent lawful ground supports continued detention;
2. requires each Defendant, according to that Defendant's possession, custody, control, or lawful authority to direct preservation, to preserve relevant documents, electronically stored information, recordings, metadata, and tangible evidence relating to the February 20, 2026 stop, detention, custody transfer, related immigration-verification or federal-response activity,

interagency coordination, and the challenged practices, including responsive work-related material on personally owned devices or accounts;

3. requires suspension of routine deletion, overwriting, and automatic-destruction practices as to covered material, issuance of written litigation-hold instructions, and written certification within fourteen days of reasonable preservation steps;
4. authorizes narrowly tailored expedited discovery directed to the local Defendants and limited to identification of participants; preservation and collection of electronic communications; interagency coordination relating to the February 20, 2026 events; the challenged detention-extension and immigration-verification practices; and directly relevant training, supervision, policy, and authorization materials, subject to defined limits, response and privilege-log deadlines, and separate leave for third-party subpoenas;
5. sets an expedited preliminary-injunction hearing and briefing schedule.

The requested relief would not halt removal proceedings, terminate federal supervision, restrict lawful interagency communication, impede constitutionally permissible traffic enforcement, or interfere with criminal investigations supported by independent lawful grounds.

## II. GROUNDS FOR RELIEF

### A. Plaintiffs satisfy the requirements for temporary and preliminary injunctive relief.

Plaintiffs incorporate by reference, in its entirety, the concurrently-filed *Complaint* for the factual basis of this motion and as necessary for legal arguments. Plaintiffs can show a substantial likelihood of success, irreparable injury absent relief, equities favoring relief, and consistency with the public interest.

#### 1. Plaintiffs are substantially likely to succeed on the Fourth Amendment prolongation claim.

A traffic stop may last no longer than reasonably necessary to address the traffic violation and attend to ordinary safety-related tasks. Authority unrelated to that mission may not add time to the stop absent independent lawful grounds. The chronology here supports a substantial likelihood that immigration-related records checks, communications, and the wait for federal personnel extended the stop beyond its traffic mission. The accompanying memorandum develops this issue under *Rodriguez v. United States*, 575 U.S. 348 (2015), and *United States v. Campbell*, 26 F.4th 860 (11th Cir. 2022) (en banc).

#### 2. Plaintiffs face a real and immediate threat of irreparable injury.

Jose continues to reside and work in northeast Georgia and regularly travels as a passenger in construction-related vehicles driven by his wife through the same patrol area. Together with the alleged recurring same-evening sequence affecting drivers and passengers, those facts support a real and immediate threat of renewed exposure. Loss of electronic communications and metadata separately supports preservation relief. The accompanying memorandum addresses standing and distinguishes *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

3. The equities and public interest favor narrow constitutional relief.

The proposed order preserves lawful traffic enforcement, independently justified criminal investigations, execution of criminal warrants, and interagency communication that does not prolong a seizure. It imposes only existing constitutional limits. The public interest favors constitutional policing, preservation of evidence, and adjudication on a developed record.

4. Preservation and expedited discovery are warranted.

Relevant evidence includes time-sensitive electronic communications, recordings, metadata, document-creation history, and work-related materials stored on official and personally owned devices or accounts. The proposed preservation provisions are limited to materials connected to the February 20,

2026 stop, detention, custody transfer, related immigration-verification or federal-response activity, interagency coordination, and the challenged practices. Expedited discovery is likewise limited to participant identification, preservation and collection, interagency coordination, the challenged detention practices, and directly relevant policy, training, supervision, and authorization evidence.

## III. NOTICE, SECURITY, AND PROCEDURE

On September 1, 2026, before filing this Motion, Plaintiffs' counsel will provide actual notice of the emergency application by electronically filing copies of the Complaint, this Motion, the accompanying Memorandum of Law, declarations and exhibits, and the proposed order; additionally, Plaintiff's counsel will email the Habersham County Sheriff's office. These notice efforts are undertaken to satisfy the notice requirements applicable to the requested Rule 65 relief and are in addition to, and not in lieu of, formal service of process required by Federal Rule of Civil Procedure 4.

Plaintiffs respectfully request waiver of security pursuant to Rule 65(c) or, alternatively, the imposition of a nominal bond. The requested relief primarily requires preservation of evidence and compliance with existing constitutional limitations governing traffic-stop detentions. Defendants are unlikely to incur measurable monetary damages as a result of the requested relief.

Plaintiffs request the earliest practicable preliminary-injunction hearing and an expedited schedule for service, briefing, opposition papers, and the limited discovery described above.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant the Motion; enter the proposed temporary restraining and preservation order; authorize narrowly tailored expedited discovery; set an expedited preliminary-injunction hearing and related schedule; and waive security or, alternatively, require a nominal bond. At minimum, if the Court reserves broader injunctive relief for the preliminary-injunction hearing, Plaintiffs request immediate preservation relief and expedited discovery.

Respectfully submitted,

**THE McCALL FIRM, LLC**
s/ Joshua McCall
Joshua McCall
Georgia Bar No. 280076
201 Forrest Avenue, Suite A
Gainesville, Georgia 30501
Telephone: (678) 696-5348
Email: Josh@mccallatlaw.com
*Attorney for Plaintiffs*

## V. CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(D)

The undersigned certifies that this document has been prepared in Times New Roman, 14-point font

## CERTIFICATE OF SERVICE

On September 1, 2026, before filing this Motion, Plaintiffs' counsel will provide actual notice of the emergency application by electronically filing copies of the Complaint, this Motion, the accompanying Memorandum of Law, declarations and exhibits, and the proposed order; additionally, Plaintiff's counsel will email the Habersham County Sheriff's office.